Tilghman C. J.
When the parties entered an amicable action and reference on the docket of the justice, it must have been with a view to have the cause decided according to the act of assembly from which he derived his jurisdiction. It must be presumed, that they knew the law under which they were acting, and the right to which each was entitled. If an award should be made for either party for a sum not exceeding 1Ó0 dollars, he would be entitled to judgment : and the other party would be entitled to an appeal to the Court of Common Pleas, where the cause would be tried by jury. But it would not be in the power of the justice to render judgment, if the award should be for more than 100 dollars. In a reference at common law the case is entirely different. The award is good to any amount. No judgment is entered on it: nor does any appeal lie from it. The consequences of a reference in an action before a justice, and a reference at common law are so different, that when persons enter into one it cannot be supposed, that they mean the other. Suppose the award in this case had been either for plaintiff or defendant for any sum under 100 dollars : might he not have insisted on the justices entering judgment: and might not the other party have had his appeal ? Could the party against whom the award was made, have arrested the judgment under an allegation, that the reference, was at common law ? Suppose the award had been in favour of the plaintiff for 200 dollars, on which the justice had entered judgment, and his proceedings had been quashed, because he had exceeded his jurisdiction; could the plaintiff have supported an action of debt on the award as a-good award at common law? Or,.suppose, that in case of an award for more than 100 dollars, the plaintiff should put the award in his pocket, *491 knowing, that he could not obtain judgment, could he bring debt as upon an award at common law, and thus deprive the defendant of his right under the act of assembly ? The answer to these questions is too plain to admit of a doubt. Why then shall the defendant be permitted to avail himself of this award, because it happens to be in his favour? I can perceive no reason, and am therefore of opinion, that this cannot be considered as a reference at common law. The judgment must, therefore, be reversed, and a venire facias de novo awarded.
Ye ates J. was sick and absent.
Gibson J. concurred.
judgment reversed, and a venire facias de novo awarded.