Tilghman C. J.
delivered the opinion of the Court.
It is very certain, that the justice had no authority to give judgment for one hundred and twenty-five dollars, because his jurisdiction was limited by law, to the sum of one hundred dollars. But this action is not brought on the judgment^ nor on the award, but on the arbitration bond which is altogether independent of the proceedings before the justice. The parties knew the extent of the justice’s jurisdiction, and therefore entered into a written obligation, on which there might be a remedy in case the arbitrators should award more than one hundred dollars, in favour of either of them. If the award had been for less than one hundred dollars, judgment might have been entered by the justice, and then there would have been no need to resort to the bond. But the award being for more than one hundred dollars, the plaintiff had a right to forsake the tribunal of the justice, and bring suit on his bond. The opinion of the President of the Court of Common Pleas is placed on the record, and it appears, that he was governed by the decision of this Court in M'Killip v. M'Killip, 2 Serg. & Rawle, 489. That cáse is not stated by the reporters with their usual clearness, and therefore the President seems to have misapprehended it. He supposes that it was an action of debt on an arbitration bond, brought to recover the sum of two hundred and fifty-six dollars fifty-six cents, which had been awarded to the defendants in a suit before a justice of the peace. But on an examination of the case, it will be found to have been otherwise. It was an action of debt on a bond conditioned for the payment of money. The plaintiff had brought a suit on it, before a justice, which was submitted to arbitration, and the arbitrators awarded the sum of two hundred and fifty-six dollars fifty-six cents, to be paid by the plaintiff to the defendant. The justice could not give judgment on the award, because it exceeded his jurisdiction. The parties had entered into *402 no arbitration bond, and therefore the plaintiff, considering award as void, brought an action on his bond in the Court of Common Pleas. The defendant pleaded the award . . . r . m bar, and the Court gave judgment m his favour. But that judgment was reversed ón a writ of error, by this Court, who were of opinion that the award was void, and therefore no bar to the plaintiff’s action. It is clear that the case before us is distinguishable from M'Killip v. M'Killip, in a very important and decisive particular. Here, the action is on the arbitration bond, which was entered into for the purpose of giving a remedy in case of an award on which the justice could not render a judgment. There, the parties trusted solely to the suit before the justice, and were protected from an award which should exceed his jurisdiction. The award therefore was a nullity. But to say, that it is void, in the present instance, would be to contradict the express intent of the parties, manifested by a written instrument not contrary to law. I am of opinion, therefore, that the defendant’s plea was not good, and judgment ought to have been given for the plaintiff on the demurrer.
The judgment of the Court of Common Pleas is to be reversed; judgment is to be entered for the plaintiff on the demurrer and the record remitted to the Court of Common Pleas.
Judgment reversed.